IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**JOSEPH A. GARRETT**,

    Petitioner,

v.

**UNITED STATES OF AMERICA**,

    Respondent.

**CIVIL ACTION NO.: 1:16-CV-218**
**CRIMINAL ACTION NO.: 1:14-CR-57**
**(JUDGE KEELEY)**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

This case arises from Joseph A. Garrett's ("Petitioner") pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Because Petitioner's claims are procedurally defaulted or without merit, the undersigned recommends that Petitioner's motion be denied and dismissed with prejudice.

### II.   FACTUAL AND PROCEDURAL HISTORY

#### A.  Petitioner's Conviction, Sentence, and Appeal[1]

In 2014, a grand jury indicted Petitioner and charged him with being a felon in possession of firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and possession of a NFA firearm not registered to a person in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871.[2] ECF No. 1. At trial, the government presented nine witnesses to testify to

---

[1] All CM/ECF references in Section II.A refer to Criminal Action No. 1:14-CR-57, unless otherwise noted.

[2] In a separate criminal proceeding, initiated on June 16, 2014, Petitioner was charged in a superseding indictment for failure to update sex offender registration in violation of 18 U.S.C. § 2250(a) ("SORNA

Petitioner's guilt. ECF Nos. 99, 100. Seven of the nine witnesses provided eyewitness testimony to the events from which the charges arose. Id. Petitioner presented one eyewitness, who testified on his behalf. Id. The jury found him guilty on both counts. ECF No. 78. On May 4, 2015, Petitioner filed a pro se motion for a mistrial [ECF No. 83], which was denied on May 5, 2015. ECF No. 84. Specifically, this Court denied said motion because it is a tactical decision that is only to be made by counsel. Id. On June 3, 2015, Petitioner was sentenced to 120 months of imprisonment, followed by 3 years of supervised release.[3] ECF No. 88.

On appeal to the United States Court of Appeals for the Fourth Circuit, Petitioner argued that the government's evidence at trial was inadequate to sustain a conviction. ECF No. 92. The Fourth Circuit affirmed. ECF No. 111.

### B. Federal Habeas Relief Under 28 U.S.C. § 2255 Motion[4]

In his federal habeas petition[5] and supporting memorandum of law, Petitioner raises two grounds for relief. ECF No. 1 at 6-7. First, he argues that his trial counsel was constitutionally ineffective because he (1) instructed a witness not to testify that another individual had a gun, (2) did not subpoena a witness to testify, (3) erroneously told Petitioner that he was going to win his case, and (4) would not object to certain

---

violation"). Petitioner pleaded guilty to that charge on January 20, 2015. See 1:14-CR-48. Petitioner's conviction in that case is the subject of a separate § 2255 motion which is assigned to Magistrate Judge Michael John Aloi. See 1:16cv217.

[3] The judgment was entered for both of Petitioner's criminal cases and sentenced him to twenty-seven months of imprisonment for the SORNA violation consecutive to his sentence for the firearm convictions, for a total term of 147 months. In addition, upon release from imprisonment, he was ordered to serve a term of 6 years of supervised release, to run concurrently to the 3 years of supervised release in 1:14cr57, for a total term of 6 years. See Supra note 2.

[4] All CM/ECF references in Section II.B refer to Civil Action No. 1:16-CV-218, unless otherwise noted.

[5] This is Petitioner's first § 2255 motion. The final judgment of Petitioner's sentence came into effect on April 15, 2016, with the judgment of the Fourth Circuit. Petitioner filed the instant § 2255 motion on November 14, 2016, making it timely.

2

statements made by a government witness. Id. Second, Petitioner argues that the District Court erred when it denied his pro se motion for mistrial. Id. For relief, Petitioner requests this Court disbar his trial counsel, L. Richard Walker ("Mr. Walker"), and grant a retrial, where all witnesses must be drug tested. ECF No. 1 at 12.

The Government filed a response opposing Petitioner's § 2255 motion. ECF No. 13. There, the Government argues that Petitioner's ineffective assistance of counsel claim is without merit for four reasons. Id. at 17-23. First, the Government argues that the witness, who Petitioner claims was told to omit that another individual had a gun, swore to tell the truth at trial [Id. at 20], and even if Petitioner's claim is true, Petitioner fails to demonstrate prejudice. Id. at 21. Second, Petitioner fails to demonstrate how counsel's refusal to subpoena testimony from an individual is unreasonable [Id.], and even if it was, Petitioner cannot demonstrate prejudice. Id. Third, the statement by counsel is immaterial because Petitioner does not show how it affected the case. Id. at 21-22. Fourth, Petitioner cannot demonstrate how counsel's failure to object during a specific cross examination resulted in prejudice. Id. at 22.

With respect to his argument that the District Court erred when it denied his pro se motion for mistrial, the Government argues that because Petitioner did not raise this argument on direct appeal, and cannot establish cause and actual prejudice, it is without merit. Id. at 23. Finally, the Government explains that an evidentiary hearing is not necessary because Petitioner's claims are without merit. Id. at 24.

In his reply,[6] Petitioner reiterates that his counsel should have subpoenaed the witness to testify. ECF No. 14 at 2-3. Petitioner maintains that had he done so, the

---

[6] On April 7, 2017, Petitioner filed an untitled document in this case, appearing to supplement his reply. ECF No. 15. The undersigned construes it as a supplemental reply and considers it as such.

individual would have provided valuable testimony. Id. at 2-3. Petitioner also insists that an evidentiary hearing is necessary to resolve his motion and appears to request court appointed counsel. Id. at 4.

### III. DISCUSSION

#### A. Legal Standard

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving (1) that his sentence or conviction was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such a sentence; (3) that the sentence exceeded the maximum authorized by law; (4) or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. "However, if the motion, when viewed against the record, shows that the petitioner is entitled to no relief, the court may summarily deny the motion." Beyle v. United States, 269 F. Supp. 3d 716, 725 (E.D. Va. 2017) (citing Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970)).

#### B. Petitioner's Ineffective-Assistance-of-Counsel Claim is Without Merit Because He Cannot Satisfy the Two-Prong Strickland Standard[7]

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court of the United States established a two-part test to determine whether counsel was constitutionally ineffective.

Under the first prong, Petitioner must demonstrate that his counsel's performance was deficient and "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. But, "[j]udicial scrutiny of counsel's performance must be highly deferential" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a

---

[7] All CM/ECF references in Section III.B refer to Civil Action No. 1:16-CV-218, unless otherwise noted.

court, examining counsel's defense assistance after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. In addition, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. Id. at 689-90. There are no absolute rules for determining what performance is reasonable. See Hunt v. Nuth, 57 F.3d 1327, 1332 (4th Cir. 1995) (noting counsel's representation is viewed on the facts of a particular case and at the time of counsel's conduct).

Under the second prong, Petitioner must show that the deficient performance caused him prejudice. Strickland, 466 U.S. at 687. To show prejudice, Petitioner must show "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart v. Fretwell, 506 U.S. 364, 369 (1993) (quoting Strickland, 466 U.S. at 687 (1984)). Consequently, if counsel's errors have no effect on the judgment, the conviction should not be reversed. Strickland, 466 U.S. at 691. The Fourth Circuit has recognized that, if a defendant "cannot demonstrate the requisite prejudice, [then] a reviewing court need not consider the performance prong" and vice versa. Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).

### 1. Claim that trial counsel instructed a witness not to testify that another individual had a gun

Here, Petitioner claims that his trial counsel, Mr. Walker, was constitutionally ineffective because he instructed defense witness Dottie Goodwin ("Ms. Goodwin") to not testify that she saw another individual with a gun on the day of the incident. ECF No. 1 at 6. However, before Ms. Goodwin testified, she swore under oath to testify truthfully. 1:14-CR-57, ECF No. 100 at 149. Then, under oath, she testified that she did not see

Petitioner with a gun or fire a gun on May 13, 2014. Id. at 159. On direct examination, the following exchanges occurred between Mr. Walker and Ms. Goodwin:

Q: Did you see Joe fire a gun?

A: No, sir.

Q: Did you see Joe holding this item, which is Government Exhibit Number 1?

A: No, sir.

Q: Have you told the truth to this jury?

A: Yes, sir.

Id. at 159.

Additionally, on cross- examination, the following exchange occurred between the Government and Ms. Goodwin:

Q: Did you see anyone with a gun that night?

A: No, ma'am.

Id. at 163.

Although it is unknown whether Petitioner's counsel instructed Ms. Goodwin not to testify that she saw another person possess and fire a gun that evening, it is without debate that Ms. Goodwin testified under oath as to what she observed. See United States v. Lewis, 135 F.App'x 126, (9th Cir. 2005) (noting the Court is entitled to give greater weight to testimony given under oath). Further, regardless of whether Mr. Walker gave the instruction to Ms. Goodwin, Petitioner fails to demonstrate any prejudice resulting therefrom.

Even if Petitioner's allegation concerning counsel's instruction were taken as true and that his performance is deemed deficient and below an objective standard of

reasonableness, Petitioner fails to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Indeed, nine witnesses testified for the Government against Petitioner, including seven eyewitnesses. 1:14-CR-57, ECF Nos. 99,100. All seven eyewitnesses testified that Petitioner was in possession of a firearm and fired it on May 13, 2014. Id. Ms. Goodwin was the only eyewitness to testify that she did not see anyone with a firearm that day. 1:14-CR-57, ECF No. 100 at 163. Even if she had testified that another individual had a gun on the day of the incident, Petitioner does not explain how that testimony would outweigh the overwhelming evidence of the Government's seven eyewitnesses. Because Petitioner cannot satisfy the prejudice prong of the Strickland test, his claim as to this issue is without merit.

### 2. Claim that trial counsel did not subpoena a witness to testify

Here, Petitioner claims that Mr. Walker was constitutionally ineffective by failing to subpoena Kevin Lucas ("Mr. Lucas") to testify at trial. ECF No. 1 at 6. Petitioner insists that Mr. Lucas would have testified that Kevin Hedrick possessed a firearm on May 13, 2014. Id. at 8.  Yet, Petitioner fails to show how Mr. Walker's actions (or inaction) fall below the objective standard of reasonableness. Although Mr. Walker did not subpoena Mr. Lucas to testify, Mr. Walker did make various attempts to contact Mr. Lucas prior to trial. Id. at 6. Ultimately, those efforts did not prove successful because Mr. Lucas would not return Mr. Walker's phone calls. Id. There is nothing to suggest that a subpoena would have been any more successful. Therefore, Mr. Walker was not constitutionally ineffective. Even if he was, Petitioner cannot show that there is a reasonable probability that he would have prevailed had Mr. Lucas testified. Again, there were seven eyewitnesses that saw Petitioner possess and shoot a firearm on May

7

13, 2014, and testified to that effect. Any opposing testimony offered by Mr. Lucas would pale in comparison. Because Petitioner cannot satisfy both <u>Strickland</u> prongs, his claim is without merit.

### 3. Claim that trial counsel told Petitioner he was going to win his case

Petitioner asserts that Mr. Walker guaranteed him victory at trial.[8] ECF No. 1 at 6. Even if true, Petitioner does not demonstrate prejudice. For example, Petitioner does not claim that but for that guarantee, he would have pleaded guilty. <u>See</u> <u>United States v. Resendez-Ceballos</u>, Nos. 06cr63WQH, 09cv835WQH, 2009 WL 4642386 (S.D. Cal. Dec. 2, 2009) (finding prejudice where the defendant rejected a favorable plea agreement because of counsel's misrepresentations). Moreover, the statement was not made during the course of any plea negotiation process. <u>See generally</u> ECF No. 1 at 6. Without more, Petitioner cannot demonstrate prejudice, and for good reason: If promised victory at trial was-alone-enough to demonstrate prejudice, than virtually every defendant that was guaranteed victory at trial would be entitled to post-conviction relief even though that guarantee did not induce the defendant to reject a guilty plea or would not have changed the outcome of the trial. Because Petitioner does not allege that Mr. Walker's guarantee induced him to reject a guilty plea or otherwise caused him prejudice, Petitioner's argument is without merit. <u>See generally</u> ECF No. 1.

### 4. Claim that trial counsel did not object to certain statements by a government witness

Here, Petitioner claims that Mr. Walker was constitutionally ineffective because Mr. Walker did not object to certain statements made by Kevin Hedrick at trial. ECF No. 1 at 6-7. According to Petitioner, Kevin Hedrick made statements during his direct

---

[8] The undersigned assumes that counsel made this statement, and Petitioner's recollection was substantially accurate.

examination that were not provided during discovery. Id. Petitioner does not specify what the exact statements are, but provides three page numbers from the Day 2 trial transcript and says it is in relation to the shotgun shells. Id. Petitioner is likely referring to the statements by Kevin Hedrick, in which he described Petitioner obtaining, firing, and retrieving shotgun shells. 1:14-CR-57, ECF No. 100 at 48-49.

Petitioner does not explain why Mr. Walker should have objected to these statements and why failing to do so was constitutionally unreasonable. Even if he did, Petitioner nevertheless fails to demonstrate prejudice as a result. Having reviewed Kevin Hedrick's testimony, the statements about the shotgun shells appear to be innocuous. And considering the overwhelming evidence presented at trial, there is nothing to suggest that Petitioner would have ultimately prevailed had Mr. Walker objected. Because Petitioner cannot satisfy either prong of the Strickland test, his claim is without merit.

### C. Petitioner's Claim that the District Court Erred When it Denied Petitioner's Pro Se Motion for Mistrial is Without Merit

Next, Petitioner argues that the District Court erred when it denied his pro se motion for a mistrial.

First, Petitioner's claim is procedurally defaulted. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (cleaned up). Accordingly, a petitioner ordinarily cannot raise an argument in a post-conviction collateral attack that he did not raise earlier on direct appeal. See, e.g., Sanchez-Llamas v. Oregon, 548 U.S. 331, 351 (2006) (citing Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley, 523 U.S. at 621). However, courts may excuse procedural default when a petitioner demonstrates

"cause" and actual "prejudice," or actual innocence. Bousley, 523 U.S. at 622 (citing Murray v. Carrier, 477 U.S. 478, 485 (1986); Wainwright v. Sykes, 433 U.S. 72, 87 (1977)); see United States v. Frady, 456 U.S. 152, 167–68 (1982); United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891–92 (4th Cir. 1994). "'Cause' to excuse a procedural default requires some objective factor external to the defense that impeded counsel's efforts to comply with the procedural requirements to raise a claim." Bennett v. United States, No. 3:16-cv-520-RJC, 2018 WL 1187783, at *3 (W.D.N.C. Mar. 7, 2018) (cleaned up) (citing Murray, 477 U.S. at 488; Mikalajunas, 186 F.3d at 490). "For instance, 'cause' is established 'where a constitutional claim is so novel that its legal basis is not reasonably available to counsel.'" Id. (quoting Reed v. Ross, 468 U.S. 1, 16 (1984)). "Actual prejudice is then shown by demonstrating that the error worked to petitioner's 'actual and substantial disadvantage,' rather than just creating a possibility of prejudice." Id. (quoting Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)).

Here, Petitioner has not demonstrated "cause" and actual "prejudice," or actual innocence. Petitioner has not demonstrated "cause" because at the time of Petitioner's direct appeal, the basis of the claim was available. Indeed, there is nothing novel about arguing that a defendant should be able to file a pro se motion for a mistrial. Petitioner also fails to explain how he was prejudiced. Finally, Petitioner does not allege actual innocence. See generally ECF No. 1. Because Petitioner cannot demonstrate "cause" and actual "prejudice," or actual innocence, the claim is procedurally defaulted.

Second, even if Petitioner's claim is not procedurally defaulted, it is nevertheless without merit. The Fourth Circuit has explained that:

> [D]ecisions regarding a mistrial are tactical decisions entrusted to the sound judgment of counsel, not the client. . . . [M]istrial issues bear no similarity, in nature or significance, to the decisions that the Supreme Court has identified as belonging solely to the defendant. Moreover, deciding whether to seek a mistrial (or whether to accept or reject a mistrial offered by the trial court) involves an on-the-fly balancing of the probable damage caused by the trial error against the likelihood that a different jury might be more inclined to acquit-a question that itself requires considering how receptive the current jury is to the defendant, whether key witnesses have testified as anticipated, etc.

United States v. Chapman, 593 F.3d 365, 368 (4th Cir. 2010).

Here, Petitioner claims that he is competent to make tactical decisions and should have been permitted to make a motion for a mistrial, in place of Mr. Walker. ECF No. 1 at 7. However, the decision to move for a mistrial rests only with counsel, regardless of Petitioner's competence. Chapman, 593 F.3d at 368. The District Court's decision to deny the motion based on Chapman was correct. Therefore, the claim has been defaulted and it is without merit.

### D. An Evidentiary Hearing is Not Necessary

Petitioner seeks an evidentiary hearing. Section 2255 provides, in pertinent, part as follows:

> [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. 2255(b); see also United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000).

In other words, if it is clear from the pleadings, files, and records that the movant is not entitled to relief, a hearing is not necessary. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). Because Petitioner's motion and the Government's response

conclusively establish that Petitioner is not entitled to relief, an evidentiary hearing is not necessary.

### IV.     RECOMMENDATION

For all of these reasons, the undersigned recommends that Petitioner's § 2255 petition [Civil Action No. 1:16cv218, ECF No. 1/ Criminal Action No. 1:14cr57, ECF No. 113] be **DENIED and DISMISSED WITH PREJUDICE**. The undersigned further recommends that the Petitioner's Motion for Appointment of Counsel and an Evidentiary Hearing [Civil Action No. 1:16cv218, ECF No. 14/Criminal Action No. 1:14cr57, ECF No. 126] be **DENIED.**

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk of the Court is directed to terminate the Magistrate Judge's association with this case. The Clerk is further directed to mail a copy of this Report and Recommendation to the pro se Petitioner by certified mail, return receipt requested, to

his last known address as reflected on the docket sheet, and to counsel of record via CM/ECF.

Respectfully submitted this 23rd day of July, 2018.

*/s Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE