IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOSEPH A. GARRETT,**

    **Petitioner,**

v.                         **CIVIL ACTION NO. 1:16CV218**
                              **CRIMINAL ACTION NO. 1:14CR57**
                                      **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 19],[1]
OVERRULING OBJECTIONS [DKT. NOS. 20], DENYING MOTION FOR
EVIDENTIARY HEARING AND TO APPOINT COUNSEL [DKT. NO. 14],
AND DENYING PETITION PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

On February 6, 2015, a jury sitting in the Northern District of West Virginia convicted the petitioner, Joseph A. Garrett ("Garrett"), of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possessing a NFA firearm not registered to a person in the national firearms registration and transfer record, in violation of 26 U.S.C. § 5861(d) (1:14CR57, Dkt. No. 80). On June 1, 2015, Garrett was sentenced to concurrent sentences of 120 months of imprisonment followed by three years of supervised release (1:14CR47, Dkt. No. 90).[2] The Fourth Circuit

---

[1] All docket numbers refer to Civil Action No. 1:16CV218, unless otherwise noted.

[2] Garrett was separately charged and pleaded guilty to a superseding indictment for failure to update sex offender registration, in violation of 18 U.S.C. § 2250(a) ("SORNA violation"). See 1:14CR48. The judgment was entered for both criminal cases and the Court sentenced Garrett to a consecutive 27 months of imprisonment for the SORNA violation, for a total sentence of 147 months of imprisonment (Case No. 1:14CR47, Dkt. No. 90). In addition, Garrett was ordered to serve a term of 6 years of

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 19],
OVERRULING OBJECTIONS [DKT. NOS. 20], DENYING MOTION FOR
EVIDENTIARY HEARING AND TO APPOINT COUNSEL [DKT. NO. 14],
AND DENYING PETITION PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

affirmed Garrett's sentence on April 15, 2016 (1:14CR57, Dkt. No. 110).

On November 14, 2016, Garrett filed a timely petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Petition") (Dkt. No. 1), alleging that his attorney had provided ineffective assistance because he (1) instructed a witness not to testify that another individual had a gun, (2) did not subpoena a witness to testify, (3) erroneously told Garrett that he was going to win his case, and (4) did not object to certain statements made by a government witness (Dkt. No. 1 at 6-7). Garrett further argues that the Court erred when it denied his pro se motion for a mistrial. Id.

Pursuant to 28 U.S.C. § 636 and this District's Local Rules, the Court referred the Petition to the Honorable Robert W. Trumble, United States Magistrate Judge, for initial review. On July 28, 2018, Magistrate Judge Trumble filed a Report and Recommendation ("R&R") recommending that the Petition be denied and dismissed with prejudice (Dkt. No. 19).

---

supervised release for the SORNA violation, to run concurrently with the 3 year term of supervision in 1:14CR57. Id. Garrett's SORNA violation is the subject of a separate § 2255 motion. See 1:16CV217.

**GARRETT V. USA**                                                           **1:16CV218**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 19],
OVERRULING OBJECTIONS [DKT. NOS. 20], DENYING MOTION FOR
EVIDENTIARY HEARING AND TO APPOINT COUNSEL [DKT. NO. 14],
AND DENYING PETITION PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

To prevail on a claim of ineffective assistance of counsel, Garrett must establish both that his counsel's performance was deficient and that the deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668 (1984). Magistrate Judge Trumble found that Garrett's four arguments regarding ineffective assistance of counsel lacked merit and concluded he had failed to satisfy Strickland's two-pronged test. Id. at 5-9.

Magistrate Judge Trumble further concluded that Garrett's argument regarding his motion for mistrial was procedurally defaulted because he had not raised the argument on direct appeal. He also concluded that the motion was without merit because the decision to move for a mistrial rests solely with counsel. Id. at 9-11. See also Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Chapman, 593 F.3d 365, 368 (4th Cir. 2010). After finding it clear from the pleadings, files, and records that Garrett was not entitled to relief, Magistrate Judge Trumble recommended that the Court deny Garrett's separately filed motion for evidentiary hearing and for appointment counsel. Id. at 11-12; Dkt. No. 14. See also 28 U.S.C. 2255(b); United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000). After being informed of his right to file "written objections identifying the portions of the

**GARRETT V. USA**                                               **1:16CV218**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 19],
OVERRULING OBJECTIONS [DKT. NOS. 20], DENYING MOTION FOR
EVIDENTIARY HEARING AND TO APPOINT COUNSEL [DKT. NO. 14],
AND DENYING PETITION PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

recommendation to which objections are made and the basis for such objections" (Dkt. No. 19 at 12), Garrett filed timely objections (Dkt. No. 20).

When reviewing a magistrate judge's R&R, the Court must review <u>de novo</u> only those portions to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." <u>Dellacirprete v. Gutierrez</u>, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." <u>See</u> <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005).

Vague objections to an R&R distract a district court from "focusing on disputed issues" and defeat the purpose of an initial screening by the magistrate judge. <u>McPherson v. Astrue</u>, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) (citing <u>Howard's Yellow Cabs, Inc. v. United States</u>, 987 F. Supp. 469, 474 (W.D.N.C. 1997)). Failure to raise specific errors waives the claimant's right to a <u>de novo</u> review because "general and conclusory" objections do not warrant such review. <u>Id.</u> (citing <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th

**GARRETT V. USA** 1:16CV218

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 19], OVERRULING OBJECTIONS [DKT. NOS. 20], DENYING MOTION FOR EVIDENTIARY HEARING AND TO APPOINT COUNSEL [DKT. NO. 14], AND DENYING PETITION PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

Cir. 1982); Howard's Yellow Cabs, 987 F. Supp. at 474); see also Green v. Rubenstein, 644 F. Supp. 2d 723 (S.D.W. Va. 2009). Indeed, failure to file specific objections waives appellate review of both factual and legal questions. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984); see also Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

Here, Garrett's objections fall short of his obligation to identify specific errors in Magistrate Judge Trumble's findings. (Dkt. No. 20). Garrett merely reiterates the arguments from his Petition alleging his trial counsel acted inappropriately and lied and contending that defendants, rather than their counsel, should be permitted to make the tactical decision whether to seek a mistrial. Id. at 1.

The remainder of Garrett's objections attempt to undermine the credibility of the government's eyewitnesses who testified at trial, an issue which, as the Fourth Circuit explained in its decision affirming the judgment in Case No. 1:14CR57, was "within the sole province of the jury." United States v. Garrett, 645 F. App'x 256, 258 (4th Cir. 2016) (per curiam) (quoting United States v. Louthian, 756 F.3d 295, 303 (4th Cir. 2014). These reiterations and contentions, all of which were fully and fairly addressed in the

**GARRETT V. USA**                                                  **1:16CV218**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 19],
OVERRULING OBJECTIONS [DKT. NOS. 20], DENYING MOTION FOR
EVIDENTIARY HEARING AND TO APPOINT COUNSEL [DKT. NO. 14],
AND DENYING PETITION PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

R&R, place the Court under no obligation to conduct a <u>de novo</u> review. <u>Diamond</u>, 414 F.3d at 315.

Therefore, after reviewing the R&R and the record for clear error, the Court:

- **ADOPTS** the R&R (Dkt. No. 19);

- **OVERRULES** Garrett's objections (Dkt. No. 20);

- **DENIES** Garrett's motion for evidentiary hearing and to appoint counsel (Dkt. No. 14);

- **DENIES** the Petition (Dkt. No. 1); and

- **DISMISSES** this case **WITH PREJUDICE.**

It is so **ORDERED.**

### CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such a case. If the court denies the certificate, "a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255(a).

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 19], OVERRULING OBJECTIONS [DKT. NOS. 20], DENYING MOTION FOR EVIDENTIARY HEARING AND TO APPOINT COUNSEL [DKT. NO. 14], AND DENYING PETITION PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

The Court finds it inappropriate to issue a certificate of appealability in this matter because Garrett has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court concludes that Garrett has failed to make the requisite showing, and **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the pro se petitioner, certified mail, return receipt requested, to enter a separate judgment order, and to remove this case from the Court's active docket.

DATED: February 5, 2020

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE